UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
                                    )
         v.                         )   Criminal No. 13-305-15 (ESH)
                                    )
MAURICE MERCER,                     )
also known as "TOKE,"               )
                      Defendant.    )
_____)

## MEMORANDUM OPINION AND ORDER

Defendant Maurice Mercer, along with twenty-two others, has been charged with conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin, five hundred grams or more of cocaine, and twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 846, crimes punishable by a minimum of ten years imprisonment. *See* 21 U.S.C. § 841. The government requested a detention hearing which was held by Magistrate Judge Kay on November 26, 2013. (*See* Detention Memorandum ("Det. Mem.") at 1, Dec. 3, 2013 [ECF No. 75].) At the conclusion of the hearing, Magistrate Judge Kay ruled that defendant Mercer should be held pending trial pursuant to 18 U.S.C. § 3142. (*See id.* at 6.) Mercer thereafter filed a motion to appeal Magistrate Judge Kay's detention order under 18 U.S.C. § 3145(b), which the government opposed. (Def.'s Mot. for Modification of Pretrial Det. Order and Mem. of Points and Authorities, Dec. 16, 2013 [ECF No. 88]; Gov't's Opp. to the Defs.' Mot. for Modification of Pretrial Det. Order ("Opp."), Dec. 16, 2013 [ECF No. 91].) This Court held a hearing on the motion on December 17, 2013. For the reasons stated in open court, as well as the reasons set forth herein, the Court will deny this motion.

**DISCUSSION**

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, [or] firearm;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e). Considering each factor below, the Court agrees with the Magistrate Judge that the government has met its burden and that defendant Mercer has failed to rebut the presumption against pretrial detention.

*First,* the nature and circumstances of the offense favor Mercer's continued detention. The evidence heard by Magistrate Judge Kay and this Court overwhelmingly demonstrates that Mercer sold heroin and other narcotics in large quantities in the D.C. area. In February 2013, Mercer sold fifty grams of heroin for several thousand dollars to a confidential informant during a "controlled purchase" coordinated by the FBI. (Det. Mem. at 5.) A wiretap also recorded a conversation between Mercer and co-defendant Juan Floyd in which Mercer asked to purchase one hundred grams of heroin. (*Id.*) In addition, when law enforcement searched Mercer's home on November 20, they found six ounces of phencyclidine (PCP) (valued at $300-$500 per ounce), marijuana in multiple ziplock bags, a white power substance suspected to be cocaine, and other drug paraphernalia including a digital scale and plastic bags. (*Id.*; Opp. at 6.)

*Second*, the weight of the evidence strongly favors continued detention. Regarding the controlled purchase, defendant attempts to call the government's evidence into question by arguing that law enforcement lost sight of the confidential source for a brief period during the sale. While that is true, there is also evidence that law enforcement found no drugs on the confidential source during a search conducted prior to meeting Mercer and then, after the meeting with Mercer, the informant turned over fifty grams of heroin to the FBI. (Det. Mem. at 5; Opp. at 5.) Mercer's role in this transaction is corroborated by an audio recording of the sale. (Det. Mem. at 5.) There is also evidence that Mercer called the leader of the alleged narcotics conspiracy, co-defendant Juan Floyd, in order to purchase heroin[1] and there is the evidence that drugs and drug paraphernalia were found by law enforcement in Mercer's home. (*See id.*)

---

[1] There is some disagreement as to the amount of heroin that Mercer sought to purchase. The evidence indicates that Mercer requested "a cent" from co-defendant Juan Floyd. (Opp. at 6.) Defendant contends that "a cent" indicates a gram of heroine. The government argues that it constitutes one hundred grams. Based on the government's proffer that Mercer purchased large quantities from Floyd before and that Floyd responded that he might not have enough, the Court finds that it is at least a reasonable inference that "a cent" represents one hundred grams and not one gram.

*Third*, the history and characteristics of the defendant support his continued detention. Though somewhat dated, Mr. Mercer has a prior conviction for possession with intent to distribute cocaine in 1996. (Det. Mem. at 5) Moreover, while the Court recognizes that Mr. Mercer is employed, recently married, and has five children including a new born, he showed a serious disregard for the safety of his family by keeping large quantities of drugs in his home, as well as drug paraphernalia.

*Fourth*, defendant's potential danger to the community favors his continued detention. As Magistrate Judge Kay explained, Mercer "conducted sales of significant quantities of highly dangerous narcotics, and he was in possession of more narcotics as well as the materials to package and sell more. These drugs do tremendous damage to this community and the likelihood of further distribution . . . pose[s] a significant danger to the community." (*Id.* at 6.) The Court agrees with this conclusion and finds that Mercer represents a danger to the community.

For the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention is hereby **DENIED**, and in accordance with 18 U.S.C. § 3142(i), the Court **ORDERS** that defendant remain in the custody of the Attorney General for confinement pending trial.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: December 18, 2013

4